## Carter *versus* The Commonwealth.

1. In ordinary cases, when land is taken at an appraisal, under proceedings in partition, by one of several heirs, and a recognizance is entered into, to secure to the other heirs their respective purparts, the administrator of the estate has nothing to do with the recognizance.

2. An act of assembly, which *inter alia* authorized the administrator to receive the purchase-money due on proceedings in partition, and provided the means for distributing the same, is not unconstitutional; and under it the administrator can sustain an action in the name of the Commonwealth, to compel the payment of the recognizance.

3. Where an act of assembly points out a specific mode by which the interests of several heirs shall be ascertained and paid, the mode prescribed must be followed.

ERROR to the Court of Common Pleas of *Greene county.*

This was an action of debt, on a recognizance to the Commonwealth, by Carter and Lantz. Partition had been made of the estate of Joseph Ball, deceased, and it was taken by the defendants at the appraisal, and this recognizance given to secure to the other heirs their respective purparts. Upon application to the legislature, an act was passed, which, amongst other things, authorized the administrator to receive the purchase-money due on proceedings in partition, and also provided the means for making distribution of the same to the heirs of the decedent. This action was brought by Stephen Caldwell, administrator *de bonis non* of Joseph Ball, deceased, in the name of the Commonwealth, on the recognizance.

The court instructed the jury that the act was constitutional, and that the administrator could sustain the action in the name of the Commonwealth, and compel the payment of the recognizance.

Of which defendants complain, and assign the same for error.

The opinion of the court was delivered January 12, 1856, by

KNOX, J.—In ordinary cases, where land is taken at an appraisal, under proceedings in partition, by one of several heirs, and a recognizance is entered into, to secure to the other heirs

[Smith v. Reber et al.]

their respective purparts, the administrator of the estate has nothing to do with the recognizance. In the present case, however, upon the representation to the legislature that the heirs-at-law of Joseph Ball numbered "many thousands," an Act of Assembly was passed, which, amongst other things, authorized the administrator to receive the purchase-money due on proceedings in partition, and provided the means of distributing the same to the heirs of the decedent. We see no constitutional objection to this act, and under it the Court of Common Pleas has properly held, that the administrator could, in the name of the Commonwealth, sustain the action, and could compel payment of the recognizance.

It is alleged, that one of the defendants was entitled to a distributive share in the estate of Joseph Ball, and that the other was attorney in fact for several of the heirs, and an effort was made to retain out of the recognizance such parts as the defendants would be entitled to receive upon distribution. It does not appear from the paper-book that any evidence was either given or offered, from which it could have been determined how much the defendants were entitled to out of the money due on the recognizance; and at all events, as the Act of Assembly points out a specific mode by which the interests of the several heirs shall be ascertained and paid, an action at law was no place for partial distribution. The remedy of the defendants is by a settlement of the administration account, and distribution to be made by an auditor, as provided for in the Act of Assembly.

Judgment affirmed.